IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith Eigner, ) | C/A No. 0:13-2255-BHH-PJG |
|                 Petitioner, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Warden Kenneth Weeden, ) | |
|                 Respondent. ) | |

Petitioner Keith Eigner ("Eigner"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 18.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Eigner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 19.) Eigner filed a response in opposition. (ECF No. 24.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Eigner's Petition denied.

**BACKGROUND**

Eigner was indicted in March 2003 in Union County for possession of marijuana (03-GS-44-152), and possession of crack cocaine with intent to distribute (03-GS-44-154).[1] (App. at 523-26, ECF No. 17-7 at 25-28.) Additionally, Eigner was directly indicted by the State for possession of cocaine with intent to distribute (03-GS-44-942). (App. at 527-28, ECF No. 17-7 at 29-30.) Eigner

---

[1] Eigner was also indicted for possession of cocaine (03-GS-44-153), but was not tried on this charge on December 16, 2003.



was represented by Jonathan M. Harvey, Esquire, and on December 16, 2003 was tried before a jury and found guilty as charged. (App. at 380, ECF No. 17-5 at 36.) The circuit court sentenced Eigner to twenty years' imprisonment for possession of cocaine with intent to distribute, twenty years' imprisonment for possession of crack cocaine with intent to distribute, and one year imprisonment for possession of marijuana, all sentences to be served concurrently.[2] (App. at 397, ECF No. 17-5 at 53.)

Eigner timely appealed and was represented by Eleanor Duffy Cleary, Esquire, Assistant Appellate Defender, who filed an Anders[3] brief on Eigner's behalf that presented the following question:

> Whether the trial judge erred in refusing to suppress the evidence against appellant that was obtained as a result of an illegal search warrant?

(ECF No. 21.) Eigner filed a *pro se* response to the Anders brief in which he raised the following issues:

> I.  Because the Magistrate did not testify at trial during the Franks Hearing, it was constitutional error for the trial court not to suppress the incriminating evidence against the Appellant.
>
> II. Because the incriminating evidence against Appellant was the fruit[] of an illegal arrest, the trial court committed constitutional error by failing to suppress the contraband and Appellant['s] statement.

---

[2] The trial court also sentenced Eigner to pay a fine in the total amount of $80,000. (App. at 397, ECF No. 17-5 at 53.)

[3] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.



> III. The trial judge erred in refusing to dismiss cases against Appellant based on prosecutorial misconduct.
>
> IV. Because the state had enough evidence to present its case, it was erro[r] by the trial court [to admit] evidence for the purpose of Res Gestae.
>
> V. Because the prosecution did not enter the incriminating contraband into evidence, the trial court committed constitutional error by denying Appellant['s] motion for a direct[ed] verdict.

(ECF No. 21-1) On April 30, 2009, the South Carolina Court of Appeals filed an order dismissing Eigner's appeal. (State v. Eigner, Op. No. 09-UP-181 (S.C. Ct. App. Apr. 30, 2009); ECF No. 21-2.) Eigner filed a *pro se* petition for rehearing on May 28, 2009, in which he "reas[s]ert[ed] that the search relied on by the State was invalid, because of false information contained therein for the basis of establishing probable cause." (ECF No. 21-3 at 3.) The Court of Appeals denied Eigner's petition for rehearing by Order filed May 29, 2009. (ECF No. 21-4.)

Eigner filed a *pro se* petition for a writ of certiorai with the South Carolina Supreme Court on June 29, 2009 that raised the following issues:

> 1. Whether the court of appeals err[]ed in dismissing the petitioner's appeal in which search warrant affidavit contained false information establishing probable cause?
>
> 2. Whether the court of appeals err[]ed in dismissing petitioner's appeal that had a valid claim of prosecutorial misconduct, double jeopardy issue, and pro[se]cutorial vindictivenes[s]?
>
> 3. Whether the court of appeals err[]ed in dismissing petitioner's appeal that the trial court improperly admitted evidence of prior bad acts and res gestae?
>
> 4. Whether the court of appeals err[]ed in dismissing petitioner's appeal where the trial court committed error in not directing verdict.

(ECF No. 21-5.)  The Supreme Court dismissed Eigner's petition on June 29, 2009 pursuant to State v. Lyles.[4]  (ECF No. 21-6.)  The remittitur was issued July 1, 2009.  (ECF No. 21-7.)

Eigner filed a *pro se* application for post-conviction relief ("PCR") on August 11, 2009 in which he raised the following claims, as summarized by the respondent:

1. Ineffective Assistance of Counsel:
    a. Failure to make a motion "to require the State to elect which way they were going to proceed;"
    b. Failure to make a motion "for the trial judge to dismiss the indictment for double jeopardy or double charging;[']"
    c. Failure to make a motion "stating that the State can't go forward on both of these charges because they are not two separate charges;"
    d. "Failure to appeal Judge Hayes' ruling;"
    e. Failure to make a motion "to suppress evidence and statement;"
    f. Failure to make a motion "for Judge Alford to disqualify himself, where Judge Hayes had made a ruling on the admissibility of some evidence.  Should have attempted to have Judge Hayes continue to [hear] trial;"
    g. Failure to make a motion "to discharge the jury on the grounds of an [sic] technical error in the selection process;"
    h. Failure to make a motion "for a Batson hearing also to determine why the State excused black veniremen;"
    i. Failure to object to "taking the [South Carolina Law Enforcement Division ("SLED")] chemist['s] testimony out of order[;]"
    j. "For advising me not to testify;"
    k. "For not presenting a defense;"
    l. "For not objecting and motioning for mistrial because of improper comments by prosecutor;"
    m. Failure to conduct "a more thorough challenge to the search warrant."

2. Ineffective Assistance of Appellate Counsel:
    a. "Ineffective for inordinate delay;"
    b. "Denied me the right to have a meaningful appeal;"
    c. "The Anders Brief arguing a search warrant issue was unprofessional because she cited only 2 cases."

---

[4] State v. Lyles, 673 S.E.2d 811, 813 (S.C. 2009) (stating that the South Carolina Supreme Court "will no longer entertain petitions for writs of certiorari where the Court of Appeals has dismissed an appeal after conducting an Anders review").

(See Eigner v. State of South Carolina, 09-CP-44-239; App. at 401-18, ECF No. 17-5 at 57 through ECF No. 17-6 at 1.) The State filed a return. (App. at 419-25, ECF No. 17-6 at 2-7.) On June 7, 2010, the PCR court held an evidentiary hearing at which Eigner appeared and testified and was represented by John E. Rogers, II, Esquire. By order filed October 26, 2010, the PCR judge denied and dismissed with prejudice Eigner's PCR application. (App. at 506-22, ECF No. 17-7 at 8-24.) The PCR court specifically addressed Eigner's claims that trial counsel was ineffective (1) in failing to make a motion requiring the State to elect charges and a motion regarding double jeopardy; (2) for not objecting to SLED chemist's testimony being taken out of order of the chain of custody; (3) for advising Eigner not to testify; (4) in failing to object and move for a mistrial regarding the Assistant Solicitor's improper comments during closing arguments; and (5) for failing to conduct a more thorough challenge to the search warrant. (Id.) The PCR court also addressed Eigner's claims that appellate counsel was ineffective (1) for failing to raise an issue of prosecutorial misconduct and the issues surrounding the search warrant, and (2) because of the length of time Eigner's appeal was pending. (Id.)

On appeal, Eigner was represented by Breen Richard Stevens, Esquire, Assistant Appellate Defender, who filed a petition for a writ of certiorari on Eigner's behalf that presented the following question:

> Whether trial counsel's performance was deficient for failing to request the remedy of mistrial when the trial court sustained his objection to the prosecutor's improper comments during closing argument?

(ECF No. 21-9.) On May 1, 2013, the South Carolina Court of Appeals issued an order denying Eigner's petition for a writ of certiorari. (ECF No. 21-11.) The remittitur was issued May 17, 2013. (ECF No. 21-12.) This action followed.

## FEDERAL HABEAS ISSUES

Eigner's federal Petition for a writ of habeas corpus raises the following issues:

**Ground One:** Trial judge err[]ed in refusing to suppress the evidence against appellant that was obtained by illegal search warrant.
**Supporting Facts:** [E]vidence should have been suppressed because the search warrant contained false information. Police listed that "Narcotics officers had made control buy,["] but officers had not made buy, but an informant was used. That was not proven to be reliable. Also magistrate did not testify at the hearing and it's not a fact that what the affiant stated or said to magistrate was proven.

**Ground Two:** Ineffective Assistance of Counsel for not motioning for mistrial due to improper comments by prosecutor.
**Supporting Facts:** Prosecutor made improper comments during course of trial and closing argument. . . . Twanda Rice[,] his common law wife[,] was arrested and charged and charge[]s later dropped. Also prosecutor stated that the reason a lot of drugs weren't found because they had been sold by people coming to buy drugs. This evidence was inadmissible and not part of the record.

**Ground Three:** Counsel ineffective for advising me not to testify.
**Supporting Facts:** I felt it was important that I testify during my trial so I could tell my side of the story. Counsel advised me not to because the State would impeach my prior conviction. He didn't tell me that a hearing would have to be held to see what prior they could use. Also my prior was over 10 years old and possibly could have not been used.

**Ground Four:** Ineffective assistance of Appellate Counsel.
**Supporting Facts:** Appellate Counsel ineffective for inordinate delay. After my conviction I notified Appellate Counsel that my transcript was incomplete. [S]he never responded back to me and filed an Anders brief 4 years later before giving me a complete transcript. [S]he only argued one issue and it wasn't a decent one. She should have raised more issues that were preserved.

**Ground Five:** Failure to make motion requiring the State to elect charges and motion regarding double jeopardy, prosecutorial misconduct.
**Supporting Facts:** The State called case 2003-GS-44-152, 153, 154 and 942 for trial on November 12, 2003. Counsel ask[ed] for continuance on 942 because I was indicted 6 days prior to trial. The trial Judge granted the motion and the trial continued with the 153, 154 and 152 charges. A Lyle hearing was conducted and defense was granted a motion on the exclusion of certain evidence. After the ruling the State then ask[ed] to continue the case. Defense and the State argued back and forth on the matter, and the defense was wanting to continue with the trial, but the State only wanted trial if the defense would give up the favorable ruling and go forward as the case were with all four charges. The 942 charge and the 153 charge



were the same piece of evidence that the state was trying to go to trial on. 153 was the lesser included of 942 which was PWID. The State was trying to penalize me for exercising my constitutional right then being vindictive because I received a favorable ruling.

**Ground Six:** Ineffective assistance of counsel, [for] not conducting a more tho[]rough challenge to search warrant.
**Supporting Facts:** Officer stated he had never seen or used informant before, but during the suppression hearing, he stated that he had used informant on numerous occasions and would continue to use him. That's why informant wasn't mentioned in Affidavit. Also never mentioned any statements of the arrestors then lied that Newberry County had observed people purchasing in Union County $50 worth of crack and cocaine and going back to Newberry County. No mentioning of them observing defendant obtain drugs from the residence. No mentioning of them observing the s[ale] of crack cocaine or marijuana.

**Ground Seven:** Counsel [was] ineffective for not motioning to suppress evidence and statement where defendant was illegally arrested. I was handcuffed and in custody and under arrest before a search was even conducted.
**Supporting Facts:** When officers first came to the home he was being arrested for what? At that time I'm not sure he was being arrested. [H]e was probably detained for our and his safety. He was later charged and arrested. We did place him under arrest when we first came to the home then we read the Miranda warning and then the search warrant. This makes the arrest illegal and all statements and contraband should have been suppressed.

**Ground Eight:** Ineffective assistance of counsel for not motioning to discharge the jury on the ground of a[] technical error in the selection process where Juror #156 Ms. Pierce and Juror #140 Miranda Jennings were excused from the first twelve jurors and replaced with two different jurors after the State had used all of its strikes. Also, there was a problem with Juror #140 because they had a different person Ms. Smith for that number #140 also. Counsel should have moved for a Batson hearing, also to determine why the state excused Black veniremen, where this action violated defendant's rights under the [S]ixth and 14[th] [A]mendments to a jury drawn from a cross section of the community and under the 14th [A]mendment to equal protection of law.

**Ground Nine:** Counsel [was] ineffective for not objecting and stating argu[]ment on the record concerning taking [SLED] chemist[']s testimony out of order. Also [counsel was ineffective for] not motioning that the [SLED] chemist[']s testimony did not tie up with the rest of the chain of custody.

(Pet., ECF No. 1.)

**DISCUSSION**

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the



court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134



S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 131 S. Ct. at 786-87). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 131 S. Ct. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir.



2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.     Summary Judgment Motion**

    **1.     Procedural Default**

As an initial matter, the respondent argues that only Grounds One and Two have been preserved for this court's review. (ECF No. 17 at 11.) Thus, the respondent asserts that Grounds Three through Nine are procedurally defaulted. (Id.) In his response in opposition to the respondent's motion for summary judgment, Eigner claims that all grounds raised in his Petition are "qualified for review." (ECF No. 24 at 15.) However, Eigner's response presents no facts or



arguments to challenge the respondent's assertion that the grounds discussed below are procedurally defaulted. (Id.)

In Ground Three, Petitioner alleges that trial counsel was ineffective "for advising me not to testify." (ECF No. 1 at 8.) Petitioner alleges ineffective assistance of Appellate Counsel in Ground Four. (Id. at 10.) Petitioner's Ground Five asserts that trial counsel was ineffective for failing to make a motion to require the state to elect charges and a motion regarding double jeopardy and prosecutorial misconduct. (ECF No. 1-1 at 1.) In Ground Six, Petitioner alleges that trial counsel was ineffective for "not conducting a more thorough challenge to [a] search warrant," and Ground Seven asserts that trial counsel was ineffective for failing to make a motion to suppress evidence and statements associated with an allegedly illegal arrest. (Id. at 3-4.) Petitioner further alleges ineffective assistance of trial counsel in Ground Eight for failing to make a motion to discharge the jury based on a technical error in the selection process. (Id. at 5.) Finally, in Ground Nine Petitioner asserts that trial counsel was ineffective for failing to object on the record to testimony of a SLED chemist and for not making a motion when the SLED chemist's "testimony did not tie up with the rest of the chain of custody." (Id. at 6.)

The respondent argues that the issues presented in Grounds Three through Nine were not "presented to the state court of appeals on certiorari following the denial of Post-Conviction Relief by the PCR judge." (ECF No. 17 at 26; see also id. at 11, 31-32, 38, 44, 57, 60-61.) A review of the record reflects that, while the PCR court addressed these issues in its order denying relief (App. at 506-522, ECF No. 17-7 at 8-24), Eigner did not present these issues to the state appellate court during his PCR appeal (ECF No. 21-9 at 3). Thus, the court agrees that Grounds Three through Nine are procedurally defaulted. See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally



barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Moreover, these grounds would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules if Eigner attempted to raise them now. See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722.

Because the court finds that the above-listed habeas grounds are procedurally defaulted, or barred from federal habeas review, such claims may be considered by a federal court only if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. A petitioner may establish a fundamental miscarriage of justice by showing that he is actually innocent of the crime for which he was convicted. However, to establish "actual innocence," a petitioner must produce new reliable evidence that was not presented at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999); see also Schlup v. Delo, 513 U.S. 298, 324, 327 (1995) (stating that to demonstrate "actual innocence," a petitioner must present "new reliable evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt"). Eigner's response in opposition to the respondent's motion for summary judgment provides no arguments to meet this standard and fails to demonstrate that, based on any new reliable evidence, it is more likely than not that no reasonable juror would have found him guilty. See Schlup, 513 U.S. at 327-29. Accordingly, Grounds Three through Nine are procedurally barred from federal habeas review.

PJG

### 2. Ground One

Eigner argues that the trial court erred in "refusing to suppress the evidence against appellant that was obtained by illegal search warrant." (ECF No. 1 at 5.) The respondent argues that Ground One does not state a cognizable ground for habeas relief because Eigner was provided "a full and fair chance to litigate the present issue in state court." (ECF No. 17 at 14.) The court agrees. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." Stone v Powell, 428 U.S. 465, 494-95 (1976); see also Grimsley v. Dodson, 696 F.2d 303, 304 (4th Cir. 1982) ("Stone v. Powell [] marked, for most practical purposes, the end of federal court reconsideration of Fourth Amendment claims by way of habeas corpus petitions where the petitioner has the opportunity to litigate those claims in state court."). Eigner's response in opposition to the respondent's motion for summary judgment fails to refute the respondent's contention that he had a full and fair opportunity to litigate this issue in state court. (ECF No. 24.) Further, as pointed out by the respondent in the motion for summary judgment (ECF No. 17 at 14), the record in this case reflects that Eigner challenged the allegedly unconstitutional seizure at trial (App. at 80-85, ECF No. 17-2 at 4-9) and on direct appeal (ECF No. 21 at 4). Hence, Petitioner has not shown that he did not have a full and fair opportunity to litigate the issue presented in Ground One in state court. Accordingly, the respondent should be granted summary judgment on this claim.

### 3. Ground Two

Having concluded that the above-discussed grounds are procedurally defaulted or are not cognizable habeas claims, the court turns to Ground Two in which Eigner alleges that trial counsel



was ineffective for failing to make a motion "for mistrial due to improper comments by [the] Prosecutor."  (ECF No. 1 at 6.)

### a. Controlling Law Regarding Allegations of Ineffective Assistance of Counsel

A defendant has a constitutional right to the effective assistance of counsel.  To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result.  Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution.  With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial."  United States v. Cronic, 466 U.S. 648, 659 (1984).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)."



Harrington, 131 S. Ct. at 788. The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Supreme Court. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned, summary disposition and focus on the last reasoned decision of the state court). Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland test in determining that no Sixth Amendment violation occurred.

### b.    PCR Court Testimony and Findings

At the PCR hearing, Eigner's PCR counsel argued that trial counsel was ineffective for failing to move for a mistrial after the prosecutor made prejudicial statements in the closing statement. (App. at 497, ECF No. 17-6 at 80.) On direct examination, trial counsel recalled the solicitor's arguing during the closing statement that the reason law enforcement found only a small

quantity of drugs at Eigner's residence was because he had sold a lot earlier that evening. (App. at 448, ECF No. 17-6 at 31.) Trial counsel testified that he objected to that portion of the solicitor's closing statement because it was not part of the record at trial. (App. at 448-49, ECF No. 17-6 at 31-32.) Trial counsel testified that the trial judge sustained his objection, but the information had already been presented to the jury. (App. at 449, ECF No. 17-6 at 32.) Trial counsel testified that he did not move for a new trial based on the solicitor's statement because he made "a tactical, strategic decision" to proceed with "the last argument" and "argue the facts that were in evidence." (Id.) Trial counsel testified that he did not move for a mistrial after the verdict in the case based on "a tactical and strategic decision to hopefully have jeopardy attached on those charges." (App. at 450, ECF No. 17-6 at 33.) On cross-examination, trial counsel testified that he did not believe a new trial motion was appropriate "based upon the totality of the circumstances" and that he "had done everything possible to preserve all of the issues . . . significant for appellate review." (App. at 471, ECF No. 17-6 at 54.) Trial counsel testified that he did make a motion for a "directed verdict because of the State's case and at the end of the case." (Id.)

In rejecting Eigner's ineffective assistance of counsel claim relating to trial counsel's failure to move for a mistrial after the prosecutor's closing comments, the PCR court held:

> This Court finds that trial counsel's performance in this regard did not fall below an objective standard of reasonableness. Further, the Applicant failed to show how he was prejudiced by counsel's failure to move for a mistrial regarding the solicitor's comment. Here, it is unlikely the trial court would have granted counsel's motion for a mistrial had he made one based on this singular isolated comment where the comment did not so infect the trial with unfairness as to make the resulting conviction a denial of due process. This is further supported by the Court of Appeal's decision dismissing the Applicant's direct appeal pursuant to Anders v. California, supra, finding that the appeal was without merit after a thorough review of the record.

(App. at 515, ECF No. 17-7 at 17.) The PCR court further found that trial counsel "was thoroughly competent in his representation." (App. at 520, ECF No. 17-7 at 22.) Because Eigner failed to prove that trial counsel rendered ineffective assistance "under prevailing professional norms" and failed to prove that he "was prejudiced by trial counsel's performance," the PCR court denied and dismissed Eigner's PCR application with prejudice. (App. at 520-21, ECF No. 17-7 at 22-23.)

   **c.**  **Conclusion**

Upon thorough review of the parties' briefs and the record in this matter, the court finds that Eigner cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim or that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1). As observed by the Harrington court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 131 S. Ct. at 785.

In response to the respondent's motion for summary judgment, Eigner essentially reiterates facts already presented to support his claim for Ground Two.[5] (ECF No. 24 at 12-15.) Eigner's response further claims that "the state went outside the record" and made improper comments on five different occasions during the trial. (Id. at 13.) Eigner's response also disagrees with trial counsel's PCR hearing testimony regarding purported trial strategies and complains that he was prejudiced by trial counsel's failure to preserve this issue for appellate review. (Id. at 14.) However, as noted by the respondent, the PCR judge correctly determined that there was no prejudice caused

---

[5] Eigner's response appears to inadvertently identify his claim that trial counsel was ineffective for not moving for a mistrial after the solicitor's closing statement as Ground One rather than Ground Two. (ECF No. 24 at 11.)



by trial counsel's actions because Eigner failed to "prove that a mistrial motion would have been granted but for counsel's failure to request one." (ECF No. 17 at 21; see also App. at 515, ECF No. 17-7 at 17.) Upon careful review of the transcript, and the PCR court's order, for all of the reasons discussed by the PCR court, the court concludes that Eigner has failed to establish that trial counsel's actions were error, much less that they were objectively unreasonable such that it rendered his performance deficient. Eigner has not shown that the PCR court's analysis of these issues misapplied clearly established federal law or, even if there was an error, that it was unreasonable. See Williams, 529 U.S. at 410; see also Harrington, 131 S. Ct. at 785. Accordingly, the respondent's motion for summary judgment should be granted as to Ground Two.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 18) be granted and Eigner's Petition denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 15, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).